## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JUAN VISOSO ALMAZAN,

     Plaintiff,

-vs-

Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC; CITIBANK, N.A.; SYNCHRONY
BANK; and VERIZON WIRELESS
SERVICES, LLC,

     Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JUAN VISOSO ALMAZAN (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); CITIBANK, N.A. (hereinafter "Citibank"); SYNCHRONY BANK (hereinafter "Synchrony"); and VERIZON WIRELESS SERVICES, LLC (hereinafter "Verizon") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

2

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a natural person and resident of San Bernardino County in the State of California. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     Citibank is an FDIC insured national bank headquartered at 380-390 Greenwich Street in New York City, New York 10013 that upon information and belief conducts business in the State of Georgia.

20.     Citibank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     Citibank furnished information about Plaintiff to the CRAs that was inaccurate.

22.     Synchrony is an FDIC insured federal savings bank headquartered at 170 Election Road, Suite 125 in Draper, Utah 84020 that upon information and belief conducts business in the State of Georgia.

23.     Synchrony is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.     Synchrony furnished information about Plaintiff to the CRAs that was inaccurate.

25.     Verizon is a corporation with its principal place of business in the State of New Jersey and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

26.     Verizon is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     Verizon furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

28.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts which do not belong to him.

29.     Upon information and belief, Plaintiff is a victim of identity theft.

30.     In or about July 2023, Plaintiff was a victim of mail theft when checks sent to Plaintiff were never received by Plaintiff but were cashed.

31.     Shortly thereafter, Plaintiff submitted a suspected mail theft notice to USPS.

32.     Following his mail theft notice, Plaintiff learned that his address was changed online with USPS to a location at 2011 Borrego Drive in Barstow,

California 92311 (hereinafter "Fraudulent Address"). Plaintiff has never lived at or had any association with the Fraudulent Address.

33.    A few weeks later, Plaintiff filed a police report with the San Bernardino Sheriff's Department, report number FN231990067, regarding the fraud and identity theft.

34.    Further, Plaintiff froze his credit in an effort to avoid any additional fraudulent accounts from being opened.

35.    Upon information and belief, a person by the name of "Zohron Richards" opened unauthorized accounts under Plaintiff's name and was added as an authorized user to Plaintiff's valid accounts without Plaintiff's authorization.

36.    On or about September 16, 2024, Plaintiff obtained copies of his credit reports from the CRAs. Upon review, Plaintiff observed the Fraudulent Address and the following accounts which did not belong to him.

     i.    Citibank, partial account number ending in x7450, with a status of over 120 days past due and balance of $4,239 (hereinafter "Citibank Account");

    ii.    First Premier, partial account number ending in x5287, with a status of charge off and balance of $797 (hereinafter "First Premier Account"); and

      iii.    Verizon, partial account number ending in x0001, with a status of

collection and balance of $5,682 (hereinafter "Verizon Account").

37.    Further, Plaintiff observed Synchrony, partial account number ending

in x3243, with a status of charge off and balance of $7,392 (hereinafter "Synchrony

Account"). Although Plaintiff opened this account in 2014, the alleged balance of

$7,392 was fraudulent and did not belong to Plaintiff.

38.    Due to the inaccurate reporting, on or about November 5, 2024,

Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff advised

he was a victim of identity theft and that the Fraudulent Address was appearing in

his credit file. Further, Plaintiff explained the Citibank Account, First Premier

Account, and Verizon Account did not belong to him. Further, Plaintiff advised the

Synchrony Account was reported with an erroneous balance which did not belong to

him. To confirm his identity, Plaintiff included images of his driver's license and

recent insurance statement in the letter. Further, Plaintiff provided images of the

erroneous reporting, images of information regarding the police report filed with the

San Bernardino Sheriff's Department, images of a billing statement for the Citibank

Account with the Fraudulent Address, and other supporting documents.

39.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 1598 5046 49), Experian (9589 0710 5270 1598 5046 56), and Trans Union (9589 0710 5270 1598 5046 32).

40.     On or about November 27, 2024, Plaintiff received dispute results from Equifax which stated the Citibank Account and Synchrony Account were verified as accurate. Further, the results stated the Verizon Account was verified and updated. Lastly, the dispute results from Equifax stated that the Fraudulent Address was not reported, and that the First Premier Account was deleted.

41.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.     Equifax never attempted to contact Plaintiff during the alleged investigation.

43.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

44.     Upon information and belief, Equifax notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

45. Upon information and belief, Equifax notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

46. On or about November 29, 2024, Plaintiff received dispute results from Trans Union which stated the Citibank Account was verified as accurate. Further, the results stated the Synchrony Account and Verizon Account were verified as accurate and updated. Lastly, the dispute results from Trans Union stated the First Premier Account and Fraudulent Address were deleted.

47. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48. Trans Union never attempted to contact Plaintiff during the alleged investigation.

49. Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

50.    Upon information and belief, Trans Union notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

51.    Upon information and belief, Trans Union notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

52.    On or about December 5, 2024, Plaintiff received dispute results from Experian which stated the Citibank Account remains and was certified by the furnisher as accurate. Further, the dispute results stated the Synchrony Account and Verizon Account were verified and updated. Lastly, the dispute results from Experian stated the First Premier Account was deleted.

53.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

54.    Experian never attempted to contact Plaintiff during the alleged investigation.

55.    Upon information and belief, Experian notified Citibank of Plaintiff's dispute. However, Citibank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.    Upon information and belief, Experian notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.    Upon information and belief, Experian notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

58.    Due to the continued inaccurate reporting, on or about December 30, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff reiterated he was a victim of identity theft and that the Citibank Account and Verizon Account did not belong to him. Further, Plaintiff advised the Synchrony Account was reported with an erroneous balance which did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and recent insurance statement in the letter. Further, Plaintiff provided images of the erroneous reporting, images of information regarding the police report filed with the San

Bernardino Sheriff's Department, images of a billing statement for the Citibank Account with the Fraudulent Address, and other supporting documents.

59.    Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9407 1112 0620 6881 1384 99), Experian (9407 1112 0620 6881 1385 98), and Trans Union (9407 1112 0620 6881 1372 63).

60.    As of the filing of this Complaint, Plaintiff has not received dispute results from the CRAs regarding his second detailed dispute letter.

61.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continue to inaccurately report the erroneous accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

62.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

63.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

64.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

66.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.    Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts and account information to Plaintiff's credit file.

68.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

69.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

70.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

71.    Equifax violated its own policies and procedures by not deleting erroneous accounts and account information when Plaintiff provided them with the police report filed with the San Bernardino County Sheriff's Department, which contained sworn testimony of the fraud.

72.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

73.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

74.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

75.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

76.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

77.    Equifax allowed for numerous furnisher(s) to report inaccurate and erroneous accounts and account information to Plaintiff's credit file.

78.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

79.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

80.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

81.    Equifax violated its own policies and procedures by not deleting erroneous accounts and account information when Plaintiff provided them with the police report filed with the San Bernardino County Sheriff's Department, which contained sworn testimony of the fraud.

82.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

83.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

84.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

85.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

86.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

18

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

87.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

88.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

89.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT IV**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Willful)**

92.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

93.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

94.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

95.    Plaintiff provided Equifax with the information it needed to confirm that he was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

96.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

99.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

100.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

101.   Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts and account information to Plaintiff's credit file.

102.  Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

104.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

105.   Experian violated its own policies and procedures by not deleting erroneous accounts and account information when Plaintiff provided them with the police report filed with the San Bernardino County Sheriff's Department, which contained sworn testimony of the fraud.

106.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

107. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

108. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

109. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

110. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

24

111.   Experian allowed for numerous furnisher(s) to report inaccurate and erroneous accounts and account information to Plaintiff's credit file.

112.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

113.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

114.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

115.   Experian violated its own policies and procedures by not deleting erroneous accounts and account information when Plaintiff provided them with the police report filed with the San Bernardino County Sheriff's Department, which contained sworn testimony of the fraud.

116.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

117.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

119.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

120.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

121.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

122.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

123.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

127.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

128.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

129.   Plaintiff provided Experian with the information it needed to confirm that he was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

130.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

133. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

134. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

135.    Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts and account information to Plaintiff's credit file.

136.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

137.    Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

138.    Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

139.    Trans Union violated its own policies and procedures by not deleting erroneous accounts and account information when Plaintiff provided them with the police report filed with the San Bernardino County Sheriff's Department, which contained sworn testimony of the fraud.

140.    As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

144.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

32

145.   Trans Union allowed for numerous furnisher(s) to report inaccurate and erroneous accounts and account information to Plaintiff's credit file.

146.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

147.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

148.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

149.   Trans Union violated its own policies and procedures by not deleting erroneous accounts and account information when Plaintiff provided them with the police report filed with the San Bernardino County Sheriff's Department, which contained sworn testimony of the fraud.

150.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

151.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

153.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

154.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable

procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

155.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

156.    Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

157.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

158.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

159.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

161.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

162.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

163.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

164.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

166.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

167.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

168.  Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

169.  After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170.    Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was erroneous.

171.    Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

172.    Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

173.    As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

174.   The conduct, action, and inaction of Citibank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, CITIBANK, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Willful)

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

177.   Citibank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

178.  After receiving Plaintiff's disputes, Citibank violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.  Plaintiff provided all the relevant information and documents necessary for Citibank to have identified that the account was erroneous.

180.  Citibank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Citibank by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

181.  Citibank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

182.   As a direct result of this conduct, action, and/or inaction of Citibank, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and inaction of Citibank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184.   Plaintiff is entitled to recover costs and attorney's fees from Citibank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CITIBANK, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Synchrony Bank (Negligent)

185.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

186.    Synchrony furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

187.    After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

188.    Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the account balance was erroneous.

189.    Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with his disputes of the account balance in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence

43

and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

190.  Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

191.  As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

192.  The conduct, action, and inaction of Synchrony was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

193.  Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, SYNCHRONY BANK; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Synchrony Bank (Willful)

194.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

195.   Synchrony furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

196.   After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197.   Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the account balance was erroneous.

198.   Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible

party, including information provided to Synchrony by Plaintiff in connection with his disputes of the account balance in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balance belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

199.   Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

200.   As a direct result of this conduct, action, and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

201.   The conduct, action, and inaction of Synchrony was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

202.   Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SYNCHRONY BANK; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Negligent)

203.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

204.   Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

205.   After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

206.   Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

207.   Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

208.   Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

209.   As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

210. The conduct, action, and inaction of Verizon was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

211. Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual damages against Defendant, VERIZON WIRELESS SERVICES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Willful)

212. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-four (64) above as if fully stated herein.

213. Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

214. After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

49

erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

215.  Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

216.  Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

217.  Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

218.  As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

219.  The conduct, action, and inaction of Verizon was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

220.  Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERIZON WIRELESS SERVICES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUAN VISOSO ALMAZAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; CITIBANK, N.A.; SYNCHRONY BANK; and VERIZON WIRELESS SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of December 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*